**J. Jesus Ramos ITURRIAGA; et al., Petitioners,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–74636.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.\*\*

Filed Dec. 28, 2007.

Angela N. McGill, Law Office of Angela N. McGill, Long Beach, CA, for Petitioners.

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Edward J. Duffy, Ari Nazarov, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM \*\*\*

J. Jesus Ramos Iturriaga, his wife Minerva Martinez–Rodriguez, and four of their children, seek review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying the parents' applications for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioners' contention that the IJ violated their due process rights by disregarding and misinterpreting their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We lack jurisdiction to review Juana Evelia Ramos–Martinez's contention that the government violated her due process rights by failing to forward an approved visa application because Ramos–Martinez failed to raise this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

Moreover, we do not consider the new evidence attached to petitioners' opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

Contrary to petitioners' contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.